IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

                v.                                  03-CR-140-wmc-01

Nebuchanezzar A. Wright

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Nebuchanezzar A. Wright's supervised release was held on June 11, 2010, before United States District Judge William M. Conley. The government appeared by United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Christopher Duren. Also present was Senior U.S. Probation Officer Michael D. Harper.

      From the record I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on March 22, 2004, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of 57 months, with a 36-month term of supervised release to follow.

On February 20, 2009, defendant began his term of supervised release. On April 22, 2010, he violated Standard Condition No. 2, requiring him to report to the probation officer as directed, when he failed to report to the probation office as instructed. In March 2010, he violated Standard Condition No. 7, prohibiting him from the purchase, use, distribution or administration of any narcotic or other controlled substance, as evidenced by his March 26, 2010, urine specimen which tested positive for methamphetamine. He violated Special Condition No. 3, requiring him to participate in substance abuse treatment and testing, when he failed to report to Attic Correctional Services for required drug tests on April 19, May 9, and May 20, 2010, and a counseling session on May 27, 2010.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. After submitting a urine specimen which tested positive for methamphetamine, defendant failed to report as required for additional drug tests. He failed to report to the probation office as instructed, and failed to report for a counseling session. Accordingly, the three-year term of supervised release imposed on defendant on March 22, 2004, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal

history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentence previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations while still affording him an opportunity to enroll in the fall semester at school.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 22, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months. An 18-month term of supervised release shall follow imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

> Special Condition No. 6: "Defendant is to spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. He may be absent from the center for employment purposes, for mental health counseling and treatment, for educational purposes, and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. He may be discharged

early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Defendant is to be registered with local law enforcement agencies and the state attorney general before release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 11th day of June, 2010.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              William M. Conley
                                              U.S. District Judge