IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                    ORDER

      v.                          03-CR-140-wmc-01

NEBUCHANEZZAR A. WRIGHT,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     A hearing on the probation office's petition for judicial review of Nebuchanezzar A. Wright's supervised release was held on October 14, 2010, before United States District Judge William M. Conley. The government appeared by U.S. Attorney Paul W. Connell. Defendant was present in person and by counsel, Christopher Duren. Also present was Senior U.S. Probation Officer Michael D. Harper.

     From the record I make the following findings of fact.

## FACTS

     Defendant was sentenced in the Western District of Wisconsin on March 22, 2004, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of 57 months, with a 36-month term of supervised release to follow.

On February 20, 2009, defendant began his initial term of supervised release. On June 11, 2010, the term of supervised release was revoked for failure to report as instructed, a positive drug test for methamphetamine, and failure to report to substance abuse testing and counseling. Defendant was sentenced to serve a 60-day term of imprisonment to be followed by an 18-month term of supervised release with the previous conditions imposed and the addition of a special condition requiring him to reside in a residential reentry center with work release privileges for up to 120 days.

On August 10, 2010, defendant began his second term of supervised release. On August 24, 2010, he violated Special Condition No. 6 requiring him to reside up to 120 days at a residential reentry center when he was discharged as an unsuccessful completion case. On August 26, and August 30, 2010, he violated Standard Condition No. 2 by failing to report to the probation office as instructed. On September 7, 2010, defendant violated Standard Condition No. 7 requiring him to notify the probation officer within 72 hours of any changes in residence or employment, when he failed to disclose where he was living after he left his mother's residence on September 2, 2010. On October 6, 2010, defendant violated Special Condition No. 9 restricting him from associating with any person convicted of a felony when he associated with convicted felon Charisse Korslund without permission. On October 6, 2010, defendant was arrested at Ms. Korslund's residence by the U.S. Marshals Service.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke

supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations certainly justify revocation, but the court will instead modify his conditions of release.  Judge Shabaz's original direction was that, upon release, the defendant should "[p]articipate in mental health counseling, testing or treatment, as approved and directed by the supervising probation officer," this has yet to occur.  The court is also persuaded by his mother's statements confirming that a mental health evaluation and treatment is appropriate.  The court recognized that, despite ignoring the instructions of the supervising probation officer, the defendant has made some, tentative limited steps to support his dependents.

Accordingly, special condition no. 5 will be modified to require defendant to undergo a complete mental health evaluation and recommendations from the evaluator, to include the taking of any prescribed medications.  Special condition no. 6 will be modified to require defendant to reside at the Rock Valley Community Program in Janesville, WI for a period of 90 days with work release privileges.

All other conditions of release shall remain the same and violation of any further condition will be presumptive grounds for revocation.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 11, 2010, is continued with the following modifications and additional conditions.

Special Condition No. 5 is modified to state: "Defendant is to participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer, and to comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider."

Special Condition No. 6 is modified to state: "Defendant is to spend 90 days in a residential reentry center, specifically Rock Valley Community Programs in Janesville, Wisconsin, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, mental health evaluation, counseling and treatment, and for passes consistent with program rules. Defendant does not have the financial means or earnings capacity to pay the his own medical expenses, but is to pay 25% of his gross income toward the daily cost of residence.

The court adds Special Condition No. 7 to state: "Defendant is to report to the probation office every Monday and Friday until he commences his residency at Rock Valley Community Programs.

The court also adds Special Condition No. 8 to state: "Defendant shall reside at his mother's residence until he reports for his placement at Rock Valley Community Programs."

Entered this 15th day of October, 2010.

BY THE COURT:

/s/

_____
William M. Conley
U.S. District Judge